**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF INDIANA EVANSVILLE
DIVISION**

| | | |
|---|---|---|
| MADDENCO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  3:22-CV-173 |
| | ) | |
| JAMES REED, DRU DARBY, and | ) | |
| HG AUTOTECH LLC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, MaddenCo Inc. ("Plaintiff' or "MaddenCo"), by counsel, and for its Complaint against Defendants, James Reed, Dru Darby, and HG AutoTech LLC, alleges as follows:

## PARTIES

1.     Plaintiff, MaddenCo Inc., is an Indiana corporation with its principle place of business at 4847 E. Virginia Street, Suite G, Evansville, Indiana.

2.     The Defendant, James Reed, was employed by MaddenCo Inc., and is currently employed by Defendant HG Autotech LLC.

3.     Defendant Dru Darby, was employed by MaddenCo Inc. and is currently employed by Defendant HG Autotech LLC.

4.     Defendant HG Autotech LLC is a Louisiana limited liability company formed on April 14, 2021 with its principle place of business as 330 Veterans Boulevard, Denham Springs, Louisiana.

**JURISDICTION AND VENUE**

5.      This action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright) and U.S.C. § 1367, because these claims are so related to the claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution

6.      This Court has personal jurisdiction over the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District, and a substantial part of the property that is the subject of this action is situated here, and under the Indiana long-arm statute, Indiana Trial Rule 4.4, at least because Defendants, on information and belief, (1) regularly do business in Indiana, (2) supply or contract to supply goods in Indiana, and (3) caused tortious injury to MaddenCo in Indiana and regularly do or solicit business, engage in persistent course of conduct, and derive substantial revenue from goods used in Indiana.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because MaddenCo resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

**FACTS**

8.      MaddenCo develops and supports integrated software systems for independent tire dealers and truck stop service centers. For independent tire dealers, MaddenCo provides systems for retail, wholesale, commercial and retreading operations, with full integration to MaddenCo's own accounts payable and general ledger solutions. For truck stops, MaddenCo provides retail and

commercial solutions for the service center, with full integration to MaddenCo's back office accounting programs. For both independent tire dealers and service centers, MaddenCo's emergency road service call center solution and suite of mobile apps handle dispatching services and allow your trucks to stay on the road while maintaining constant contact with the home office. Large or small, simple or complex, tire dealer or service center, MaddenCo has the comprehensive solution that you need to compete in today's business environment.

9.      MaddenCo spent years developing its proprietary software systems and owns a copyright registration entitled "The Tire Dealer System", Copyright Registration Number TX 0009171151, with an effective registration date of August 26, 2022. A true and correct copy of the registration is attached hereto as Exhibit A.

10.     Reed was employed by MaddenCo on or about June 26, 2017, eventually becoming employed as a Software Development Manager.

11.     Darby was employed by MaddenCo on or about February 21, 2019 as a Software Developer.

12.     As employees of MaddenCo, both Reed and Darby executed the MaddenCo Agreement Regarding Confidential Information and Intellectual Property, a true and accurate copy of which are attached as Exhibits A and B respectively (each a "Confidentiality Agreement").

13.     As set forth in Section 1 of the Confidentiality Agreements, Reed and Darby promised that he would not disclose any confidential information or material of MaddenCo or its subsidiaries.  (Exs. A and B, Confidentiality Agreement, Sec. 1.)

14.     Reed and Darby also assigned their entire right, title and interest in any idea, invention, design of a useful article (whether the design is ornamental or otherwise), computer program and related documentation, and any other work of authorship made or conceived by him

that "(a) relate to the actual or anticipated business or research or development of MaddenCo or its subsidiaries or (b) are suggested by or result from nay task assigned to [Reed/Darby] or work performed by [Reed/Darby] for or on behalf of MaddenCo or its subsidiaries. (Exs. A and B, Confidentiality Agreement, Sec. 4.)

15. In addition to their obligations under the Confidentiality Agreement, as employees of MaddenCo, Reed and Darby owed MaddenCo fiduciary duties, including a duty of loyalty, under Indiana law.

16. During their employment with MaddenCo, Reed and Darby had access to MaddenCo confidential information, including the code for The Tire Dealer System.

17. On information and belief, Reed and Darby each surreptitiously conspired to use MaddenCo confidential information, including the code for The Tire Dealer System to recreate, copy, or develop an alternative code for products the competitive to MaddenCo (the "HG Products"), including MaddenCo's The Tire Dealer System, in violation of his contractual obligations and fiduciary duties.

18. On information and belief, Reed and Darby joined HG AutoTech, and use MaddenCo confidential information or copyrighted works, to reproduce, develop, use, market, and/or sell competing products and services.

19. On information and belief, HG AutoTech was aware of Reed's and Darby's confidentiality obligations.

20. On information and belief, Defendants have made, distributed, displayed and used and continue to make, distribute, display and use advertisements and promotional materials which infringe Plaintiff's registered copyrights and which contain false and misleading representations, false designations of origin and misbranding, to unfairly advance and promote the commercial

4

identity, status and reputation of the Defendants, to solicit the sale of their products and services to customers and potential customers, and to solicit investors, potential investors and partners, in competition with Plaintiff.

## Count I – Breach of Contract by Reed

21.     Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 20 as if fully set forth herein.

22.     Through Reed's misuse and disclosure of MaddenCo confidential information, Reed breached the Confidentiality Agreement.

23.     Through Reed's failure to assign and deliver to MaddenCo the software code he developed, if any, Reed breached the Confidentiality Agreement.

24.     As a result of these breaches, MaddenCo has been damaged.

## Count II – Breach of Fiduciary Duties by Reed

25.     Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

26.     Reed breached his fiduciary duties to MaddenCo when he used MaddenCo information, including MaddenCo software code, to reproduce and/or develop competing products or services and conspired to use this improperly obtained material for HG AutoTech and compete with MaddenCo.

27.     As a result of Reed's breach, MaddenCo has been damaged.

## Count III – Breach of Contract by Darby

28.     Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 27 as if fully set forth herein.

29. Through Darby's misuse and disclosure of MaddenCo confidential information, Darby breached the Confidentiality Agreement.

30. Through Darby's failure to assign and deliver to MaddenCo the software code he developed, if any, Darby breached the Confidentiality Agreement.

31. As a result of these breaches, MaddenCo has been damaged.

### Count IV – Breach of Fiduciary Duties by Reed

32. Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 31 as if fully set forth herein.

33. Darby breached his fiduciary duties to MaddenCo when he used MaddenCo information, including MaddenCo software code, to reproduce and/or develop competing products or services and conspired to use this improperly obtained material for HG AutoTech and compete with MaddenCo.

34. As a result of Darby's breach, MaddenCo has been damaged.

### Count V – Tortious Interference by HG AutoTech

35. Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 34 as if fully set forth herein.

36. On information and belief, at all times relevant hereto HG AutoTech was aware of the valid business relationship and contract Reed and Darby had with MaddenCo.

37. HG AutoTech wrongfully and intentionally interfered so as to benefit itself to the detriment of MaddenCo.

38. Specifically, HG AutoTech encouraged Reed and Darby to breach the Confidentiality Agreement and fiduciary duties, duties of confidentiality, with MaddenCo.

39. There is no justification for this interference.

40.     As a result, MaddenCo has been damaged.

## Count VI – Copyright Infringement by Defendants

41.     Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 40 as if fully set forth herein.

42.     MaddenCo has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to its copyrights. MaddenCo has also, in compliance with the law, received from the Register of Copyrights a Certificate of Registration, which constitutes prima facie evidence of the validity of the copyright and the facts stated in the certificate.

43.     Defendants have never sought, and MaddenCo has never granted to Defendants, any license to make or market any products or create derivative works using, copying, or incorporating any of MaddenCo's copyrighted works.

44.     By creating, manufacturing, distributing, offering for sale, and selling to the public and/or consumers products or services using MaddenCo's copyrighted work, Defendants have infringed and continue to infringe MaddenCo's copyright.

45.     Defendants' unauthorized acts relating to the infringement constitute willful and deliberate infringement.

46.     On information and belief, through its infringement of MaddenCo's copyright, Defendants have unlawfully derived, and will continue to derive, income and profits from their infringing acts, and MaddenCo has sustained and will continue to sustain substantial injury.

47.    As a direct and proximate result of Defendants' infringement MaddenCo is entitled to actual damages and Defendants' profits under 17 U.S.C. § 504(b) or, in the alternative, the maximum statutory damages in the amount of $150,000 under 17 U.S.C. § 504(c).

**Count VII - False Advertising, False Representations, False Designations of Origin, Reverse Passing Off and Unfair Competition (15 U.S.C. §1125) by Defendants**

48.    Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49.    On information and belief, Defendants have falsely represented and have falsely claimed to be a source of, or the entity that has made or is making products that were actually owned, developed, or created by Plaintiff.

50.    Defendants' foregoing acts are unlawful, improper and unethical and falsely represent and falsely suggest the existence of physical or commercial ready product that it has made or sourced, or is making or sourcing, or is capable of making or sourcing or that it stands behind the quality and accomplishment reflected by and in such product.

51.    Defendants engaged in the foregoing wrongful activities to enable, support and advance, all in a wrongful manner, Defendants' marketing and advertising, public communications and overtures to facilitate offering for sale and/or selling Defendants' products and services;

52.    As a result, MaddenCo has been damaged.

**Count VIII – Unfair Competition Under Indiana Law by Defendants**

53.    Plaintiff realleges and incorporates the allegations of paragraphs 1-52 above, as if set forth fully at length herein.

54.    Plaintiff has a property right and interest in products and services, including the MaddenCo confidential information, and the code for The Tire Dealer System.

8

55.    On information and belief, Defendants have made and continue to make material, false and a misleading representations and statements, in advertising and promotional materials and communications and in solicitations to customers, potential customers, investors, potential investors, and other interested parties regarding the source or origin of their competing products and services.

56.    By engaging in the conduct detailed above, Defendants have knowingly engaged in unlawfully passing off and/or attempting to pass off Plaintiff's products or services as Defendants' own products or services in violation of Plaintiff's property rights and Indiana law.

57.    Defendants' conduct constitutes, among other things, unfair competition under common law in Indiana.

58.    On information and belief, Defendants have benefitted financially from its unfair competition.

### Count IX – Declaratory Judgment against Defendants

59.    Plaintiff realleges and incorporates the allegations of paragraphs 1-58 above, as if set forth fully at length herein.

60.    On information and belief, the code developed by Reed and marketed by the Defendants either relate to the actual or anticipated business or research or development of MaddenCo or its subsidiaries or were suggested by or result from tasks assigned to Reed or Darby or work performed by Reed or Darby for or on behalf of MaddenCo or its subsidiaries

61.    Pursuant to the Confidentiality Agreement, MaddenCo should be assigned ownership of and control over any and all such works – including the products and serves marketed by Defendants.

62.    MaddenCo is entitled to a declaration that it owns and has the right to control these works.

**WHEREFORE**, the Plaintiff respectfully request Judgment on the Complaint herein as follows:

A.    An award for damages incurred;

B.    Disgorgement of Defendants profits;

C.    The costs and expenses of this actions, including all reasonable attorneys' fees as provided by law;

D.    A declaration that Plaintiff and not Defendants own the works developed by Reed,

E.    An order prohibiting Defendants from using, marketing, selling, copying, reproducing, adapting, or offering infringing material; and.

F.    Such other and further relief to which the Plaintiff is entitled.

## JURY DEMAND

Plaintiff, MaddenCo, by counsel, hereby demands a trial by jury on all things so triable.

Respectfully Submitted,

DELK McNALLY LLP

*/s/ Michael T. McNally*
Michael T. McNally, Attorney No. 23676-49
*Attorney for Plaintiff*

610 N. Rangeline Road
Carmel, IN 46033
Telephone: 317/442-4444
Facsimile: 888/453-0545