UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MADDENCO, INC. | * | **CIVIL ACTION NO: NO. 23-1391** |
| | * | |
| VERSUS | * | JUDGE BRIAN A. JACKSON |
| | * | |
| JAMES REED, DRU DARBY and<br>HG AUTOTECH LLC | * | MAG. JUDGE SCOTT D. JOHNSON |

### AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, MaddenCo Inc. ("Plaintiff" or "MaddenCo"), by counsel, and for its Complaint against Defendants, James Reed, Dru Darby, and HG AutoTech LLC, alleges as follows:

### PARTIES

1. Plaintiff, MaddenCo Inc., is an Indiana corporation with its principal place of business at 4847 E. Virginia Street, Suite G, Evansville, Indiana.

2. Upon information and belief, Defendant, James Reed, is a resident of Tennessee. Reed was previously employed by MaddenCo Inc. and is currently employed by Defendant HG Autotech LLC.

3. Upon information and belief, Defendant, Dru Darby, is a resident of Louisiana. Darby was previously employed by MaddenCo Inc. and is currently employed by Defendant HG Autotech LLC.

4. Defendant, HG Autotech LLC, is a Louisiana limited liability company formed on April 14, 2021, with its principal place of business as 330 Veterans Boulevard, Denham Springs, Louisiana.

### JURISDICTION AND VENUE

5. This action alleges copyright infringement and, therefore, arises under 17 U.S.C. § 101 et seq. As such, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

1

(federal question) and 28 U.S.C. § 1338 (copyright claims). In addition, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because those claims arise from the same case or controversy as the federal claims.

6.      This Court has jurisdiction over Darby because he is a resident of the State of Louisiana, is employed in the State of Louisiana and has engaged in wrongful conduct that gives rise to this litigation in the State of Louisiana.

7.      This Court has jurisdiction over Reed because he is employed in the State of Louisiana, regularly conducts business in the State of Louisiana, and has engaged in wrongful conduct that gives rise to this litigation in the State of Louisiana.  Reed's contacts with the State of Louisiana are substantial and directly related to this cause of action.

8.      This Court has jurisdiction over HG AutoTech, LLC, because it is a resident of the State of Louisiana, regularly conducts business in the State of Louisiana, and has engaged in wrongful conduct that gives rise to this litigation in the State of Louisiana.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because HG AutoTech LLC is a resident of the Middle District of Louisiana in this district and because a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Louisiana by virtue of Reed and Darby's employment with HG AutoTech LLC. In addition, venue is proper in the Middle District of Louisiana pursuant to the September 23, 2023, Entry Granting Motion to Transfer issued by the United States District Court for the Southern District of Indiana.

**FACTS**

10.      MaddenCo develops and supports integrated software systems for independent tire dealers and truck stop service centers. For independent tire dealers, MaddenCo provides systems

for retail, wholesale, commercial and retreading operations, with full integration to MaddenCo's own accounts payable and general ledger solutions. For truck stops, MaddenCo provides retail and commercial solutions for the service center, with full integration to MaddenCo's back office accounting programs. For both independent tire dealers and service centers, MaddenCo's emergency road service call center solution and suite of mobile apps handle dispatching services and allow trucks to stay on the road while maintaining constant contact with the home office. Large or small, simple or complex, tire dealer or service center, MaddenCo has the comprehensive solution needed to compete in today's business environment.

11. MaddenCo spent years developing its proprietary software systems and owns a copyright registration entitled "The Tire Dealer System", Copyright Registration Number TX 0009171151, with an effective registration date of August 26, 2022.

12. Reed commenced employment with MaddenCo on or about June 26, 2017, eventually serving as a Software Development Manager.

13. Darby commenced employment with MaddenCo on or about February 21, 2019, as a Software Developer.

14. As employees of MaddenCo, both Reed and Darby executed the MaddenCo Agreement Regarding Confidential Information and Intellectual Property, a true and accurate copy of which are attached as Exhibits A and B respectively (each a "Confidentiality Agreement").

15. As set forth in Section 1 of the Confidentiality Agreements, Reed and Darby promised not to disclose any confidential information or material of MaddenCo or its subsidiaries. (Exs. A and B, Confidentiality Agreement, Sec. 1.)

16. Reed and Darby also assigned to MaddenCo their entire right, title and interest in any idea, invention, design of a useful article (whether the design is ornamental or otherwise),

3

computer program and related documentation, and any other work of authorship made or conceived by them that "(a) relate to the actual or anticipated business or research or development of MaddenCo or its subsidiaries or (b) are suggested by or result from any task assigned to [Reed/Darby] or work performed by [Reed/Darby] for or on behalf of MaddenCo or its subsidiaries. (Exs. A and B, Confidentiality Agreement, Sec. 4.)

17.    In addition to their obligations under the Confidentiality Agreement, as employees of MaddenCo, Reed and Darby owe MaddenCo fiduciary duties, including a duty of loyalty.

18.    During their employment with MaddenCo, Reed and Darby had access to MaddenCo confidential information, including, but not limited to, the code for The Tire Dealer System, other software code and customer contact information.

19.    On information and belief, Reed and Darby each surreptitiously conspired to use, and has used, MaddenCo confidential information, including customer information and the code for The Tire Dealer System to compete with MaddenCo including recreating, copying, or developing an alternative code for nearly identical products that are competitive to MaddenCo, in violation of their contractual obligations and fiduciary duties.

20.    On information and belief, Reed and Darby joined HG AutoTech, and use MaddenCo confidential information and/or copyrighted works to reproduce, develop, use, market, and/or sell competing products and services.

21.    On information and belief, HG AutoTech was aware of Reed's and Darby's confidentiality obligations.

22.    On information and belief, Defendants have made, distributed, displayed and used and continue to make, distribute, display and use advertisements and promotional materials which infringe Plaintiff's registered copyrights and which contain false and misleading representations,

4

and false designations of origin and misbranding, to unfairly advance and promote the commercial identity, status and reputation of the Defendants, to solicit the sale of their products and services to customers and potential customers, and to solicit investors, potential investors and partners, in competition with Plaintiff.

## Count I – Breach of Contract by Reed

23. Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 22 as if fully set forth herein.

24. Through Reed's possession, misuse and/or disclosure of MaddenCo confidential information, including confidential customer information and software code, Reed breached the Confidentiality Agreement he executed during his employment with MaddenCo.

25. Through Reed's failure to assign and deliver to MaddenCo the software code he developed, if any, Reed breached the Confidentiality Agreement.

26. As a result of these breaches, MaddenCo has been damaged.

## Count II – Breach of Fiduciary Duties by Reed

27. Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 26 as if fully set forth herein.

28. Reed breached his fiduciary duties to MaddenCo when he maintained possession of MaddenCo confidential information following the termination of his employment with MaddenCo, and used MaddenCo information, including MaddenCo software code and confidential customer information, to reproduce and/or develop competing products or services and conspired to use this improperly obtained material for HG AutoTech to compete with MaddenCo.

29. As a result of Reed's breach, MaddenCo has been damaged.

## Count III – Breach of Contract by Darby

30.     Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 29 as if fully set forth herein.

31.     Through Darby's possession, misuse and/or disclosure of MaddenCo confidential information, including confidential customer information and software code, Darby breached the Confidentiality Agreement he executed during his employment with MaddenCo.

32.     Through Darby's failure to assign and deliver to MaddenCo the software code he developed, if any, Darby breached the Confidentiality Agreement.

33.     As a result of these breaches, MaddenCo has been damaged.

## Count IV – Breach of Fiduciary Duties by Darby

34.     Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 31 as if fully set forth herein.

35.     Darby breached his fiduciary duties to MaddenCo when he maintained possession of MaddenCo confidential information following the termination of his employment with MaddenCo, and used MaddenCo information, including MaddenCo software code and confidential customer information, to reproduce and/or develop competing products or services and conspired to use this improperly obtained material for HG AutoTech to compete with MaddenCo.

36.     As a result of Darby's breach, MaddenCo has been damaged.

## Count V – Tortious Interference by HG AutoTech

37.     Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 36 as if fully set forth herein.

38.    On information and belief, at all times relevant hereto HG AutoTech was aware of the valid business relationship and contract Reed and Darby signed with MaddenCo by virtue of their employment with MaddenCo.

39.    HG AutoTech wrongfully and intentionally interfered with the relationship between Darby, Reed and MaddenCo so as to benefit itself to the detriment of MaddenCo.

40.    Specifically, HG AutoTech encouraged and induced Reed and Darby to breach the Confidentiality Agreement and their fiduciary duties owed to MaddenCo.

41.    There is no justification for this interference.

42.    As a result, MaddenCo has been damaged.

### Count VI – Copyright Infringement by Defendants

43.    Plaintiff sets forth and incorporates the allegations of Paragraphs 1 through 42 as if fully set forth herein.

44.    MaddenCo has complied in all respects with Title 17 of the United States Code, and secured the exclusive rights and privileges in and to its copyrights. MaddenCo has also, in compliance with the law, received from the Register of Copyrights a Certificate of Registration, which constitutes prima facie evidence of the validity of the copyright and the facts stated in the certificate.

45.    Defendants have never sought, and MaddenCo has never granted to Defendants, any license to make or market any products or create derivative works using, copying, or incorporating any of MaddenCo's copyrighted works.

46.    By creating, manufacturing, distributing, offering for sale, and selling to the public and/or consumers products or services using MaddenCo's copyrighted work, Defendants have infringed and continue to infringe MaddenCo's copyright.

47.    Defendants' unauthorized acts relating to the infringement constitute willful and deliberate infringement.

48.    On information and belief, through its infringement of MaddenCo's copyright, Defendants have unlawfully derived, and will continue to derive, income and profits from their infringing acts, and MaddenCo has sustained and will continue to sustain substantial injury.

49.    As a direct and proximate result of Defendants' infringement MaddenCo is entitled to actual damages and Defendants' profits under 17 U.S.C. § 504(b) or, in the alternative, the maximum statutory damages in the amount of $150,000 under 17 U.S.C. § 504(c).

### Count IX – Declaratory Judgment against Defendants

50.    Plaintiff realleges and incorporates the allegations of paragraphs 1-49 above, as if set forth fully at length herein.

51.    On information and belief, the code developed by Reed and marketed by the Defendants either relate to the actual or anticipated business or research or development of MaddenCo or its subsidiaries or were suggested by or resulted from tasks assigned to Reed or Darby or work performed by Reed or Darby for or on behalf of MaddenCo or its subsidiaries.

52.    Pursuant to the Confidentiality Agreement, MaddenCo should be assigned ownership of and control over any and all such works – including the products and services marketed by Defendants.

53.    MaddenCo is entitled to a declaration that it owns and has the right to control these works.

**WHEREFORE**, the Plaintiff respectfully requests Judgment on the Complaint herein as follows:

A.    An award for damages incurred;

B.      Disgorgement of Defendants' profits;

C.      The costs and expenses of this actions, including all reasonable attorneys' fees as provided by law;

D.      A declaration that Plaintiff and not Defendants owns the works developed by Reed;

E.      An order prohibiting Defendants from using, marketing, selling, copying, reproducing, adapting, or offering infringing material; and

F.      Such other and further relief to which the Plaintiff is entitled.

## JURY DEMAND

Plaintiff, MaddenCo, by counsel, hereby demands a trial by jury on all things so triable.


Respectfully Submitted,

DELK McNALLY LLP



*/s/ Michael T. McNally*
Michael T. McNally, Attorney No. 23676-49
*Attorney for Plaintiff*


610 N. Rangeline Road
Carmel, IN 46033
Telephone: 317/442-4444
Facsimile: 888/453-0545