## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MADDENCO INC.**                                        CIVIL ACTION

**VERSUS**

**JAMES REED, ET AL.**                          NO. 23-01391-BAJ-SDJ

## RULING AND ORDER

Before the Court is Defendant James Reed ("Defendant Reed") and Defendant Dru Darby's ("Defendant Darby") **Rule 12(b)(6) Motion To Partially Dismiss Complaint (Doc. 100)**. Defendants Reed and Darby subsequently filed an Amended Memorandum in support of their Motion. (Doc. 114). Plaintiff opposes the Motion. (Doc. 123).

Also before the Court is Defendant HG AutoTech LLC's ("Defendant HG AutoTech") **Rule 12(b)(6) Motion To Partially Dismiss Complaint (Doc. 109)**. Plaintiff opposes the Motion. (Doc. 110). Defendant HG AutoTech filed a Reply. (Doc. 113).

For the following reasons, Defendants Reed and Darby's Motion (Doc. 100) will be **DENIED AS MOOT IN PART** and **DENIED IN PART**. Defendant HG AutoTech's Motion (Doc. 109) will be **DENIED IN PART** and **GRANTED IN PART**.

## I.    BACKGROUND

This is a copyright infringement case in which Plaintiff also asserts related

state law claims. (*See* Doc. 102).

For present purposes, the following facts are taken as true:

Plaintiff, an Indiana Corporation with its principal place of business in Indiana, develops and supports integrated software systems for independent tire dealers and truck stop services centers. (Doc. 102 ¶¶ 1, 10). Plaintiff spent years developing its proprietary software systems and owns a copyright registration called "The Tire Dealer System," with an effective registration date of August 26, 2022. (*Id.* ¶ 11).

Defendant Reed, a resident of Tennessee, began working for Plaintiff on or about June 26, 2017. (*Id.* ¶¶ 2, 12). Defendant Darby, a resident of Louisiana, began working for Plaintiff on or about February 21, 2019. (*Id.* ¶¶ 3, 13). As Plaintiff's employees, both Defendant Reed and Defendant Darby signed the "MaddenCo Agreement Regarding Confidential Information and Intellectual Property" (the "Confidentiality Agreement"). (*Id.* ¶ 14).

As part of the Confidentiality Agreement, Defendants Reed and Darby promised not to disclose any of Plaintiff's confidential information or materials. (*Id.* ¶ 15). Defendants Reed and Darby also "assigned to [Plaintiff] their entire right, title, and interest in any idea, invention, design of a useful article (whether the design is ornamental or otherwise), computer program and related documentation, and any other work of authorship made or conceived by them that (a) relate to the actual or anticipated business or research or development of Plaintiff or its subsidiaries or (b) are suggested by or result from any task assigned to [Defendants Reed and Darby]

or work performed by [them] for or on behalf of [Plaintiff] or its subsidiaries." (*Id.* ¶ 16) (internal quotations omitted). The Confidentiality Agreement does not include a choice-of-law provision. (*See* Doc. 102-1; Doc. 102-2). In addition to their obligations under the Confidentiality Agreement, as Plaintiff's employees, Defendants Reed and Darby owed Plaintiff fiduciary duties, including a duty of loyalty. (Doc. 102 ¶ 17).

During their employment with Plaintiff, Defendants Reed and Darby had access to Plaintiff's confidential information, including the code for The Tire Dealer System, other software code, and customer contact information. (*Id.* ¶ 18). At unspecified times, both Defendant Reed and Defendant Darby stopped working as employees for Plaintiff and began working for Defendant HG AutoTech, which is a Louisiana limited liability company with its principal place of business in Louisiana. (*Id.* ¶¶ 4, 20).

Defendants Reed and Darby allegedly each surreptitiously conspired to use, and have used, Plaintiff's confidential information, including customer information and the code for The Tire Dealer System to compete with Plaintiff by recreating, copying, or developing an alternative code for nearly identical products that are competitive to Plaintiff. (*Id.* ¶ 19). Defendant HG AutoTech was allegedly aware of Defendants Reed and Darby's confidentiality obligations. (*Id.* ¶ 21). Defendants distributed advertisements and promotional materials which included false designations of the origin of Plaintiff's copyrighted materials in order to promote Defendants' status and reputation. (*Id.* ¶ 22). Defendants continue in these activities

to the present day. (*Id.* ¶ 20).

Plaintiff originally brought this action in the United States District Court for the Southern District of Indiana. (*See* Docket 3:22-cv-0173-RLY-CSW at Doc. 1). The Southern District of Indiana dismissed without prejudice the claims against Defendant HG AutoTech for lack of personal jurisdiction, (*see id.* at Doc. 53), and ultimately transferred the case to this Court for the convenience of the parties and witnesses, and in the interest of justice, pursuant to 28 U.S.C. § 1404(a). (*See id.* at Doc. 74). The Southern District of Indiana took no position as to personal jurisdiction or proper venue. (*See id.*).

Plaintiff's original Complaint in this Court asserted the following claims: Counts I and III asserted state law breach of contract claims against Defendants Reed and Darby respectively, Counts II and IV asserted state law breach of fiduciary duty claims against Defendants Reed and Darby respectively, Count V asserted a state law tortious interference claim against Defendant HG AutoTech, Count VI asserted federal copyright infringement claims against all Defendants, Count VII asserted federal "reverse passing off" claims against Defendants, Count VIII asserted state unfair competition claims against Defendants, and Count IX asserted a state - based request for declaratory judgment. (Doc. 2).

After Defendants Reed and Darby filed their Motion to Partially Dismiss, (Doc. 100), Plaintiff on November 26, 2024, filed an Amended Complaint. (Doc. 102). Plaintiff's Amended Complaint again added Defendant HG AutoTech as a defendant. (*See id.*). Plaintiff's Amended Complaint also dismissed Counts VII and VIII, which

4

had alleged state unfair competition claims and federal "reverse passing off" claims, respectively, against Defendants. (*See id.*). Plaintiff added short phrases to a few of the paragraphs, but otherwise the allegations for the remaining claims did not change. (*See id.*).[1] Thereafter, Defendants Reed and Darby filed an Amended Memorandum in support of their Motion to Partially Dismiss, which argues why Defendants Reed and Darby's Motion to Partially Dismiss remains active and which provides updated citations to Plaintiff's Amended Complaint. (*See* Doc. 114). Defendant HG AutoTech later filed its own separate Motion to Partially Dismiss, which it based solely on the Amended Complaint. (*See* Doc. 109).

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] For Counts I and III, Plaintiff added the phrases "including confidential customer information and software code," and "he executed during his employment with MaddenCo." (Doc. 102 ¶¶ 24, 31.) For Counts II and IV, Plaintiff added the phrases "maintained possession of MaddenCo confidential information following the termination of his employment with MaddenCo," and "and confidential customer information." (*Id.* ¶¶ 26, 35). Count IX remains substantively the same. (*Compare* Doc. 2 ¶¶ 59–62 *with* Doc. 102 ¶¶ 50 – 53).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). Conclusory allegations or legal conclusions are insufficient defenses to a well-pled motion to dismiss. *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017).

## III.   DISCUSSION

Defendants raise several arguments in their Motions. First, all three Defendants argue that claims for statutory damage and attorneys' fees or costs under the Copyright Act should be dismissed. Second, all three Defendants contend that the respective state law claims against them are pre-empted by federal copyright law and therefore should be dismissed.

As a preliminary matter, Plaintiff argues that Defendants Reed and Darby untimely filed their Amended Memorandum, and so their Motion to Partially Dismiss should be denied. Plaintiff also asserts that Indiana state law should apply to the state law tortious interference claim against Defendant HG AutoTech.

The Court will address each argument in turn.

6

### 1. Untimely Filing of Defendants Reed and Darby's Amended Memorandum

"Courts vary in how they proceed when a plaintiff amends the complaint while a Rule 12 motion is pending." *Louisiana v. Bank of Am. Corp.*, No. 19-cv-00638-SDD-SDJ, 2020 U.S. Dist. LEXIS 122004, at *12–13 (M.D. La. July 13, 2020). "Some courts hold that the pending motion to dismiss automatically becomes moot, while other courts hold that they do not. In the Fifth Circuit, courts first consider whether the amended complaint cures defects in the original pleading before deciding whether the pending motion to dismiss is moot." *Stevens v. St. Tammany Par. Gov't*, No. CV 20-928, 2020 WL 4219638 (E.D. La. July 23, 2020) (citing *Shelby v. City of El Paso*, No. EP-12-CV-0200-DCG, 2013 WL 12086210 (W.D. Tex. June 5, 2013), *aff'd sub nom. Shelby v. City of El Paso, Tex.*, 577 F. App'x 327 (5th Cir. 2014)). When an amended complaint "does not cure the defects related to the claims [] and overall adds very little new information to the case" the "pending Motion to Dismiss is not moot." *Id.*

"Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

Plaintiff broadly argues that because it removed two claims

from its original Complaint and added "allegations further clarifying the specific conduct upon which each of the remaining state law claims are based," Defendants Reed and Darby's entire Motion to Partially Dismiss is now moot. (Doc. 123 at 4–5). Plaintiff alternatively argues that Defendants Reed and Darby's Amended Memorandum, if considered as a renewed Motion to Partially Dismiss, should be denied as untimely filed under Federal Rule of Civil Procedure ("Rule") 15(a)(3). (*Id.*).

The Court construes Defendants Reed and Darby's Amended Memorandum as a renewed Motion to Partially Dismiss because it addresses changes made in Plaintiff's Amended Complaint and continues to request dismissal on the same basis as Defendants Reed and Darby's initial Motion to Partially Dismiss. Although Defendants Reed and Darby did not file their Amended Memorandum within the 14-day time limit provided under Rule 15(a)(3), the Court will nonetheless consider their renewed Motion to Partially Dismiss. This is because "the Court order[ed] otherwise" under Rule 15(a)(3) by permitting Defendants Reed and Darby to file their Amended Memorandum outside of the 14-day time limit. Therefore, the Amended Complaint did not render Defendants Reed and Darby's Motion to Partially Dismiss wholly moot.

The Court finds, however, that Defendants Reed and Darby's Motion to Partially Dismiss is rendered moot insofar as it requests that the Court dismiss Count VIII, a claim which Plaintiff voluntarily dismissed by removing it from its Amended Complaint. The remaining requests in Defendants Reed and Darby's

Motion to Partially Dismiss are not rendered moot by Plaintiff's Amended Complaint because Defendants Reed and Darby addressed them in their Amended Memorandum. The changes Plaintiff made with respect to the remaining Counts—short phrases added to a few paragraphs—do not substantively change the Court's legal analysis of "the sufficiency of the complaint."

Accordingly, Defendants Reed and Darby's request for the dismissal of Count VIII of the original Complaint is **DENIED AS MOOT**.

### 2. Statutory Damages and Attorney's Fee for Pre-Registration Acts

17 U.S.C. §§ 504–05 allow for the collection of statutory damages and attorney's fees and costs for infringements in violation of the Copyright Act of 1976. *See* 17 U.S.C. §§ 504–05. However, 17 U.S.C. § 412 provides that:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505 shall be made for ... any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

All parties agree that 17 U.S.C. § 412 requires registration of a copyright as a prerequisite for recovery of statutory damages and attorney's fees under 17 U.S.C. §§ 504–05. (Doc. 114 at 8; Doc. 123 at 5; Doc. 109-1 at 6). However, all three Defendants argue that because Plaintiff has not provided a detailed timeline outlining when Defendants created a competing product, the name of the product or exactly what it is, and when and to whom Defendants marketed it, Plaintiff has failed to generally articulate a federal copyright infringement claim. (Doc. 114 at 7;

9

Doc. 109-1 at 5). Defendants are careful to note that although that this lack of a specific timeline in the Amended Complaint points to what should be the ultimate dismissal of all federal copyright claims "at the appropriate time," they here only point out this lack of information in support of their argument to dismiss the claims for statutory damages and attorney's fees. (Doc. 114 at 7–8; Doc. 109-1 at 5–6).

Defendants Reed and Darby narrow their arguments by further contending that, at the very least, any statutory damages or fees related to any of Defendant HG AutoTech's alleged work before Plaintiff's copyright registration date of August 26, 2022, should be dismissed because Defendant HG AutoTech's software was already in beta testing stages when Defendant Reed began working for Defendant HG AutoTech in September 2021. (Doc. 114 at 8).

Defendants' arguments address the summary judgment standard, not the standard applied to a motion to dismiss. Plaintiff need only "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Plaintiff alleged that Defendants Reed and Darby had access to Plaintiff's now-copyrighted information before beginning their employment with Defendant HG AutoTech. Plaintiff also alleges that during their employment with HG AutoTech, Defendants Reed and Darby infringed Plaintiff's copyrighted materials and continue to do so.

This information, though without descriptive flourish, allows the Court to reasonably infer Defendants Reed and Darby used their prior access to obtain the now-copyrighted information and that they have used it following

10

the registration date, since Plaintiff alleges present and continuing infringement. The Court cannot consider Defendants Reed and Darby's evidence concerning the origin of Defendant HG AutoTech's software on a motion to dismiss. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333 (5th Cir. 2008) (determining that "[g]enerally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments … Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint.").

Accordingly, Defendants' request to dismiss Plaintiff's claims for statutory damages or attorney's fees under the Copyright Act is **DENIED**.

### 3. Choice-of-Law for State Law Claims

The Confidentiality Agreement does not include a choice-of-law provision. (*See* Doc. 102-1; Doc. 102-2).

"The general rule is that a federal court applies the choice-of-law rules of the state in which it sits." *See United States for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998).

"[F]ollowing a section 1406(a) transfer, regardless of which party requested the transfer or the purpose behind the transfer, the transferee court must apply the choice of law rules of the state in which it sits." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1141 (5th Cir. 1992) (quoting *Ellis v. Great Sw. Corp.*, 46 F.2d 1099, 1110 (5th Cir. 1981)).

"On the other hand, a section 1404(a) transfer does not change the law

11

applicable, regardless of who initiates the transfer." *Id.* (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 523–25 (1990)); *See also Van Dusen v. Barrack*, 376 U.S. 612 (1964) (holding that a transferee district court is obligated to apply the state law that would have applied had there been no change in venue and that a § 1404(a) change of venue is "but a change of courtrooms").

Both Plaintiff and Defendant HG AutoTech agree that Louisiana state law does not support a tortious interference claim against Defendant HG AutoTech. (Doc. 109-1 at 6–9; Doc. 110 at 5). Plaintiff argues that the Court should apply Indiana state law to resolve the choice-of-law issue because this action was transferred from the Southern District of Indiana pursuant to 28 U.S.C. § 1404. (Doc. 110 at 5–7). Defendant HG AutoTech asserts that the Court should apply Louisiana state law to resolve the choice-of-law issue because the state law of the transferor court is only considered if the transferor court is the proper forum for claims against the defendant in question. (Doc. 113 at 2–3); *See Davis v. La. State Univ.*, 876 F.2d 412 (5th Cir. 1989) (holding that choice-of-law rules of the transferee state were applicable because the suit was transferred from a state that had no personal jurisdiction over defendants).

In essence, Defendant HG AutoTech argues that because the Southern District of Indiana did not have personal jurisdiction over it, the Court should treat the transfer as if it had been made under a section 1406(a) transfer rather than section 1404(a). However, Defendant HG AutoTech's position states the holdings of the United States Court of Appeals for the Fifth Circuit too broadly. While some cases

have articulated the rule more precisely than others, the standard has always been tied to the statutory vehicle propelling transfer.

Here, although the Southern District of Indiana dismissed Defendant HG AutoTech for lack of personal jurisdiction, it ultimately transferred the case to this Court under section 1404(a). Further, while the Southern District of Indiana noted that if it analyzed transfer under 28 U.S.C. § 1631 (allowing transfer for lack of jurisdiction) or 28 U.S.C. § 1406(a) (allowing transfer for lack of venue) it would reach the same result, it only analyzed and ultimately transferred the case under section 1404(a). Because the choice-of-law determination hinges on the statutory authority for the transfer, and not the status of parties dismissed prior to transfer, the Court will conduct the choice-of-law analysis for the state law claims under Indiana state law.[2]

"As a preliminary matter, the court must determine whether the differences between the laws of the states are important enough to affect the outcome of the litigation." *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004). If such a conflict exists, courts resolve which state's law should apply via Indiana's choice - of - law analysis. *Id.*

Both Plaintiff and Defendant HG AutoTech agree that Louisiana state law

---

[2] Defendants Reed and Darby do not contest that Indiana state law applies to Plaintiff's state law claims and therefore did not provide briefing on this issue. (Doc. 114 at 10–12). Because Defendants Reed and Darby accept the application of Indiana state law to Plaintiff's state law claims, they have waived any choice-of-law arguments. *See Bennett v. CrownLife Ins. Co.*, 776 N.E.2d 1264, 1267 (Ind. Ct. App. 2002) ("Choice of law issues may be waived if not properly raised.").

does not support a tortious interference claim against Defendant HG AutoTech. (Doc. 109-1 at 6–9; Doc. 110 at 5); *See Matrix Essential, Inc. v. Emporium Drug Mart, Inc.*, 756 F. Supp. 280 (W.D. La. 1991), *aff'd sub nom. Matrix Essentials, Inc. v. Emporium Drug Mart, Inc., of Lafayette*, 988 F.2d 587 (5th Cir. 1993) (determining that the Louisiana Supreme Court "recognize[s] only a[] [tortious interference] action wherein a corporate officer causes *his own corporation* to breach a contract between *his own corporation* and the plaintiff.") (citing *9 to 5 Fashions, Inc. v. Spurney*, 88-0902, 88-0904, (La. 1/20/98), 538 So. 2d 228).

Defendant HG AutoTech asserts that a tortious interference claim against Defendant HG AutoTech under Indiana state law is pre-empted by federal copyright law, (Doc. 113 at 9–11), while Plaintiff contends that it is not. (Doc. 110 at 7–9). Because applying Louisiana state law would lead to definitive victory to Defendant HG AutoTech on Plaintiff's tortious interference claim, while applying Indiana state law would not necessarily lead to the same result, the Court finds that "the differences between the laws of the states are important enough to affect the outcome of the litigation." The Court therefore turns to the choice-of-law analysis required under Indiana state law.

"To determine choice-of-law questions for torts, Indiana employs a modified lex loci delicti analysis under which the substantive law of the place of the wrong will usually govern." *Hutchinson v. Nale*, No. 1:24-CV-00222-SEB-MJD, 2024 WL 4289596, at *3 (S.D. Ind. Sept. 25, 2024) (quoting *Morgan v. Fennimore*,

429 F. App'x 606, 609 (7th Cir. 2011)) (internal quotations omitted).[3] "The lex loci is determined by where the last event necessary to make an actor liable for the alleged wrong takes place." *Id.* (quoting *Simon* 805 N.E.2d at 805) (internal citation and quotations omitted). Because "Indiana is a lex loci delicti state[,] in all but exceptional cases it applies the law of the place where the harm occurred." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016 (7th Cir. 2002) (citing *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071 (Ind. 1987)).

> In 1987, however, realizing that rigid adherence to this choice of law rule might lead to anomalous results, the Indiana Supreme Court adopted the "most significant contacts" approach. *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind.1987). As the *Hubbard* Court noted, in many cases the place of the tort will be significant and the place with the most contacts. *Id.* (citing *Lambert v. Yellowbird, Inc.*, 496 N.E.2d 406, 409 n.2 (Ind. App. 1986)). In other cases, where the place of the tort bears little connection to the underlying legal action, courts may consider additional factors including: (1) the place where the conduct causing the injury occurred; (2) the residence or place of business of the parties; and (3) the place where the relationship is centered. *Id.* 515 N.E.2d at 1073–1074 (citing the Restatement (Second) of Conflicts of Laws § 145(2) (1971)). These factors should not be applied mechanically; rather, they are to be "evaluated according to their relative importance to the particular issues before the court." *Id.* at 1074.

*Jean v. Dugan*, 20 F.3d 255, 261 (7th Cir. 1994).

Here, the traditional *lex loci delicti* rule would dictate that Indiana law applies to Plaintiff's tortious interference claim against Defendant HG AutoTech because that is "the place where the harm occurred." However, the Court finds that "the place of the tort bears little connection to the underlying legal action" as to Plaintiff's claims

---

[3] "*Lex loci delicti*" means "the place of the wrong." *Simon* 805 N.E.2d at 805.

against Defendant HG AutoTech. In reaching this conclusion, the Court particularly takes into consideration the fact that the Southern District of Indiana found that it did not have personal jurisdiction over Defendant HG AutoTech and that the Southern District of Indiana transferred the case to this Court for the convenience of the parties and witnesses, and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Turning to the additional factors outlined by the Supreme Court of Indiana, the Court first notes that the conduct by Defendant HG AutoTech that allegedly caused the injury occurred in Louisiana. Second, two out of the four of parties in this action, Defendant HG AutoTech and Defendant Darby, are residents of Louisiana. The third factor appears to be a wash, as it is difficult to identify "the place where the relationship is centered" between Defendant HG AutoTech and Plaintiff, who allegedly had contact via Defendants Reed and Darby. Nonetheless, the preponderance of the three factors point to Louisiana as the state with the "most significant contacts." Additionally, the Court emphasizes that "rigid adherence to th[e] traditional *lex loci delicti* [choice-of-law] rule [will] lead to anomalous results" here, where Defendant HG AutoTech would be subject to the laws of Indiana despite the Southern District of Indiana's finding that it does not possess personal jurisdiction over HG AutoTech.[4]

---

[4] The Court further emphasizes that Defendant HG AutoTech was not a party to the Confidentially Agreement and subjecting it to the laws of another state based on an agreement made there would likely be fundamentally unfair.

Accordingly, the Court finds that Louisiana state law applies to Plaintiff's tortious interference claim against Defendant HG AutoTech.[5] As noted above, because Plaintiff cannot assert such a claim against Defendant HG AutoTech under Louisiana state law, Defendant HG AutoTech's request to dismiss Plaintiff's tortious interference claim is **GRANTED**.

### 4. Pre-emption of State Law Claims

The Copyright Act provides that:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. §301(a).

"Section 301 of the Copyright Act preempts state law claims that fall within the general scope of federal copyright law." *Digit. Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 377 (5th Cir. 2020). The Fifth Circuit follows a two-prong test for determining whether a state law claim is pre-empted. *Id.*

First, the state law claim must fall within the subject matter of copyright as defined by statute. *Id.* at 377–78. If so, a court must determine whether

---

[5] As noted, Defendants Reed and Darby waived any challenges to the application of Indiana state law to Plaintiff's state law claims against them. Accordingly, the Court will assess those claims under Indiana state law.

17

the state law claim protects rights that are equivalent of the rights protected by the Copyright Act. *Id.* at 378. The Fifth Circuit evaluates "the equivalency of the protected rights by applying the 'extra element' test: Preemption does not occur if the state law claim requires 'one or more qualitatively different elements.'" *Id.* (quoting *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999). "The party arguing against preemption must show 'the presence of any element that renders different in kind its rights under state and federal law.'" *Id.*

All three Defendants argue that the Court should dismiss the respective state law claims against them because they are pre-empted by federal copyright law. All parties agree that all Plaintiff's state law claims fall within the subject matter of copyright as defined by the Copyright Act. (Doc. 114 at 9; Doc. 123 at 7–11; Doc. 109 - 1 at 10; Doc. 110 at 7–10).

The Court will address each claim in turn.

### a. Counts I and III: Breach of Contract

Plaintiff asserts breach of contract claims against Defendants Reed and Darby. (Doc. 102 ¶¶ 23–26; *Id.* ¶¶ 30–33).

Under Indiana state law, "[t]he elements of a breach of contract claim are: (1) existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resultant injury to the plaintiff." *Higher Gear Grp., Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 958 (N.D. Ill. 2002) (citing *Henderson-Smith & Assocs., Inc. v. Nahamani Fam. Serv. Ctr., Inc.*, 752 N.E.2d 33, 43 (2001)).

18

The Fifth Circuit has held that breach of contract claims are not pre-empted by the Copyright Act because the contract promise made by the parties serves as an element in addition to mere reproduction, distribution, or display. *See Real Est. Innovations, Inc. v. Hou. Ass'n of Realtors, Inc.*, 422 F. App'x 344, 349 (5th Cir. 2011).

Accordingly, Defendants Reed and Darby's request to dismiss Counts I and III is **DENIED**.

### b. Counts II and IV: Breach of Fiduciary Duty

Plaintiff asserts breach of fiduciary duty claims against Defendants Reed and Darby. (Doc. 102 ¶¶ 27–29; *Id.* ¶¶ 34–36).

Under Indiana law, "a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010).

A claim for breach of fiduciary duty is qualitatively different from a copyright infringement claim. *See Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995) (finding that plaintiff's state law claims were not pre-empted by the Copyright Act in part because they had "failed to allege or produce evidence of any element, such as an invasion of personal rights or a breach of fiduciary duty, which render [their claims] different in kind from copyright infringement."); *Asunto v. Shoup*, 132 F. Supp. 2d 445, 452 (E.D. La. 2000) (determining that "[t]he

existence of a promise or fiduciary duty renders plaintiff's claims qualitatively different from a copyright infringement claim, and thus [the state law claims] cannot be preempted.").

Accordingly, Defendants Reed and Darby's request to dismiss Counts II and IV is **DENIED**.

### c. Count V: Tortious Inference

Plaintiff asserts a tortious interference claim against Defendant HG AutoTech. (Doc. 102 ¶¶ 37–42). However, as noted above, the Court is dismissing that claim because Plaintiff cannot assert a tortious interference claim against Defendant HG AutoTech under Louisiana state law.

Accordingly, Defendant HG AutoTech's request to dismiss Count V based on pre-emption is **DENIED**.

### d. Count IX: Request for Declaratory Judgment

Plaintiff seeks a declaratory judgment against all Defendants. (*Id.* ¶¶ 30–33). Under Indiana law, a declaratory judgment serves "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Kirby v. State*, 95 N.E.3d 518, 521 (Ind. 2018) (quoting Ind. Code § 34-14-1-12 (1998)).

Because Plaintiff seeks a declaratory judgment with respect to state law claims which have not been pre-empted, Defendants Reed and Darby's request to dismiss Count IX as to Plaintiff's claims against them is **DENIED**.

Because the tortious interference claim against Defendant HG AutoTech has been dismissed, and Plaintiff articulates no other state law basis upon which to obtain

a declaratory judgment against Defendant HG AutoTech, Defendant HG AutoTech's request to dismiss Count IX as to itself is **GRANTED**.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants Reed and Darby's **Rule 12(b)(6) Motion To Partially Dismiss Complaint (Doc. 100)** be and is hereby **DENIED AS MOOT IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant HG AutoTech's **Rule 12(b)(6) Motion To Partially Dismiss Complaint (Doc. 109)** be and is hereby **DENIED AS MOOT IN PART**, **DENIED IN PART**, and **GRANTED IN PART**.

Baton Rouge, Louisiana, this __23rd__ day of September, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

21