UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MADDENCO INC.                          *    **CIVIL ACTION NO: NO. 23-1391**
                                       *
                                       *    JUDGE BRIAN A. JACKSON
**VERSUS**                             *
                                       *
JAMES REED, ET AL                      *    MAG. JUDGE SCOTT D. JOHNSON

## ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

**MAY IT PLEASE THE COURT:**

**NOW COME**, Defendants, HG AutoTech, L.L.C. ("**HG AutoTech**"), James Reed ("**Mr. Reed**"), and Dru Darby ("**Mr. Darby**") (collectively, "**Defendants**"), which answer the Amended Complaint for Damages and Jury Demand (the "**Complaint**") filed by Plaintiff, MaddenCo Inc. ("**MaddenCo**") on November 26, 2024, as follows:

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses, based on Defendants' knowledge, information, and belief at this time, and allege as follows:

### First Affirmative Defense

MaddenCo's Complaint fails to state a claim or cause of action against Defendants upon which relief can be granted.

### Second Affirmative Defense

Defendants specifically deny that MaddenCo sustained any injury as alleged.

### Third Affirmative Defense

MaddenCo has not properly alleged, nor can it prove, the requisite elements of its claims.

### Fourth Affirmative Defense

MaddenCo lacks clean hands.

5405032.v3

## Fifth Affirmative Defense

MaddenCo has engaged in Copyright misuse.

## Sixth Affirmative Defense

MaddenCo's purported registration is invalid, lacks originality, incorporates public sources, and incorporates unprotectable code written by AI sources.

## Seventh Affirmative Defense

HG AutoTech's software is protected by independent creation.

## Eighth Affirmative Defense

Plaintiff cannot recover damages for use of its copyrighted material because of the defense doctrines of *de minimis* use, fair use, *scène à faire*, and compilations.

## Ninth Affirmative Defense

MaddenCo's claims against Defendants are frivolous, without factual or legal basis in support, and have been brought in bad faith for the purpose of harassment.

## ANSWER TO AMENDED COMPLAINT

1.

The allegations contained in paragraph 1 of the Complaint do not require a response from the Defendants.

2.

The allegations contained in paragraph 2 of the Complaint are admitted.

3.

The allegations contained in paragraph 3 of the Complaint are admitted.

4.

The allegations contained in paragraph 4 of the Complaint are admitted.

5405032.v3

5.

The allegations contained in paragraph 5 of the Complaint state a legal conclusion.

6.

The allegations contained in paragraph 6 of the Complaint are denied as written.

7.

The allegations contained in paragraph 7 of the Complaint are denied as written.

8.

The allegations contained in paragraph 8 of the Complaint are denied as written.

9.

The allegations contained in paragraph 9 of the Complaint are admitted to the extent that venue is proper in the Middle District.

10.

The allegations contained in paragraph 10 of the Complaint do not require a response from the Defendants.

11.

The allegations contained in paragraph 11 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief therein.

12.

The allegations contained in paragraph 12 of the Complaint are admitted.

13.

The allegations contained in paragraph 13 of the Complaint are admitted.

14.

The allegations contained in paragraph 14 of the Complaint are admitted.

5405032.v3

15.

The allegations contained in paragraph 15 of the Complaint are admitted.

16.

The allegations contained in paragraph 16 of the Complaint are denied as written.

17.

The allegations contained in paragraph 17 of the Complaint are denied as written.

18.

The allegations contained in paragraph 18 of the Complaint are admitted.

19.

The allegations contained in paragraph 19 of the Complaint are denied.

20.

The allegations contained in paragraph 20 of the Complaint are denied.

21.

The allegations contained in paragraph 21 of the Complaint are denied as written.

22.

The allegations contained in paragraph 22 of the Complaint are denied.

23.

The allegations contained in paragraph 23 of the Complaint do not require a response from

the Defendants.

24.

The allegations contained in paragraph 24 of the Complaint are denied.

25.

The allegations contained in paragraph 25 of the Complaint are denied.

5405032.v3

26.

The allegations contained in paragraph 26 of the Complaint are denied.

27.

The allegations contained in paragraph 27 of the Complaint do not require a response from the Defendants.

28.

The allegations contained in paragraph 28 of the Complaint are denied.

29.

The allegations contained in paragraph 29 of the Complaint are denied.

30.

The allegations contained in paragraph 30 of the Complaint do not require a response from the Defendants.

31.

The allegations contained in paragraph 31 of the Complaint are denied.

32.

The allegations contained in paragraph 32 of the Complaint are denied.

33.

The allegations contained in paragraph 33 of the Complaint are denied.

34.

The allegations contained in paragraph 34 of the Complaint do not require a response from the Defendants.

35.

The allegations contained in paragraph 35 of the Complaint are denied.

5405032.v3

36.

The allegations contained in paragraph 36 of the Complaint are denied.

37.

The allegations contained in paragraph 37 of the Complaint do not require a response from the Defendants.

38.

The allegations contained in paragraph 38 of the Complaint are denied.

39.

The allegations contained in paragraph 39 of the Complaint are denied.

40.

The allegations contained in paragraph 40 of the Complaint are denied.

41.

The allegations contained in paragraph 41 of the Complaint are denied.

42.

The allegations contained in paragraph 42 of the Complaint are denied.

43.

The allegations contained in paragraph 43 of the Complaint do not require a response from the Defendants.

44.

The allegations contained in paragraph 44 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief therein.

45.

The allegations contained in paragraph 45 of the Complaint are admitted.

5405032.v3

46.

The allegations contained in paragraph 46 of the Complaint are denied.

47.

The allegations contained in paragraph 47 of the Complaint are denied.

48.

The allegations contained in paragraph 48 of the Complaint are denied.

49.

The allegations contained in paragraph 49 of the Complaint are denied.

50.

The allegations contained in paragraph 50 of the Complaint do not require a response from the Defendants.

51.

The allegations contained in paragraph 51 of the Complaint are denied.

52.

The allegations contained in paragraph 52 of the Complaint are denied.

53.

The allegations contained in paragraph 53 of the Complaint are denied.

## COUNTERCLAIM

**AND NOW,** HG AutoTech, L.L.C. ("**HG AutoTech**"), James Reed ("**Mr. Reed**"), and Dru Darby ("**Mr. Darby**"), assuming the position of Counter-Plaintiffs, respectively represent to the Court as follows:

5405032.v3

## PARTIES

1.

Counter-Plaintiffs are:

(a)   HG AutoTech, L.L.C., is a Louisiana limited liability company, with its principal place of business in Denham Springs, Louisiana.

(b)   James Reed is a person of full age of majority, domiciled in Tennessee.

(c)   Dru Darby is a person of full age of majority, domiciled in Louisiana.

2.

Made Defendant-in-Counterclaim is MaddenCo Inc. ("**MaddenCo**"), an Indiana corporation with its principle place of business at 4847 E. Virginia Street, Suite G, Evansville, Indiana.

## JURISDICTION AND VENUE

3.

This Court has supplemental jurisdiction over the Counter-Plaintiffs' claims pursuant to 28 U.S.C. § 1367, because those claims arise from the same case or controversy as the federal claims.

4.

Venue is proper in the Middle District of Louisiana pursuant to the September 23, 2023, Entry Granting Motion to Transfer issued by the United States District Court for the Southern District of Indiana.

## FACTS

5.

Mr. Darby previously worked for MaddenCo beginning on March 11, 2019.

5405032.v3

6.

Mr. Darby quit his employment with MaddenCo in May of 2021.  His last day was May 14, 2021.

7.

When Mr. Darby left MaddenCo, he did not take any of MaddenCo's confidential information, specifically including any software code. He does not possess any of MaddenCo's confidential information.

8.

Mr. Darby never conspired with any other MaddenCo employee, including James Reed, to take MaddenCo's confidential information.

9.

Mr. Darby accepted an employment offer from HG AutoTech on May 5, 2021, and began his employment with HG AutoTech on May 17, 2021. Mr. Darby did not do any programming or software development for HG AutoTech prior to his employment.

10.

Mr. Darby was skilled in programming using GeneXus and thus a company decision was made to use GeneXus as the primary programming method.

11.

Mr. Reed previously worked for MaddenCo beginning in 2017.

12.

Mr. Reed quit his employment with MaddenCo in August 2021.  His last day was August 20, 2021. Mr. Reed was unaware of Dru Darby's employment with HG AutoTech until the end of August 2021, after he resigned from MaddenCo.

5405032.v3

13.

When he left MaddenCo, Mr. Reed did not take any of MaddenCo's confidential information, specifically including any software code.

14.

Mr. Reed never conspired with any other MaddenCo employee, including Dru Darby, to take MaddenCo's confidential information.

15.

Beginning in August 2021, Mr. Reed worked for a healthcare company located in Georgia. Mr. Reed officially became employed by HG AutoTech on August 23, 2021, but did not begin working for HG AutoTech until September 2021.

16.

HG AutoTech's software (the "**Software**") is an automotive shop management software, not just a tire point of sale software. It is not a tire retread tracking software.

17.

The Software is not based on any programming code, or any other source material, from MaddenCo. The Software is completely original. No material or source code from MaddenCo was used in the development of HG AutoTech's Software.

18.

When HG AutoTech hired Mr. Reed and Mr. Darby, it did not request or encourage that either obtain any information from MaddenCo, bring information from MaddenCo to HG AutoTech, or in any way utilize MaddenCo's intellectual property.

5405032.v3

19.

HG AutoTech began developing its software around May of 2021. The MVP version of the software was in beta testing by September of 2021. HG AutoTech began marketing its software around December of 2021.

20.

Mr. Darby began working on the Software around May of 2021. Mr. Darby was brought on to lead the software development of a new, start from scratch web-based automotive shop management software program that included a robust inventory management function.

21.

Mr. Reed began working on the software around September of 2021, while the software was in development. Mr. Reed was brought on to assist with the Software.

22.

Mark Russell, a MaddenCo employee, expressed an interest in working with HG AutoTech.  Mr. Russell provided HG AutoTech with customer leads, one of which included Beacon Tire Wholesale ("**Beacon**").

23.

HG AutoTech reached out to Beacon, which decided to utilize HG AutoTech's software.

24.

Upon MaddenCo receiving notice from Beacon of its choice to use a different vendor (HG AutoTech), MaddenCo colluded with one of HG AutoTech's software partners to coerce the software partner into no longer working with HG AutoTech, harming both HG AutoTech's ongoing business and its potential customers, such as Beacon.

5405032.v3

25.

On October 31, 2022, MaddenCo filed its original complaint against Mr. Reed, Mr. Darby, and HG AutoTech in the Southern District of Indiana.

26.

MaddenCo's lawsuit alleges copyright infringement despite the fact that MaddenCo has no substantiated basis on which to accuse HG AutoTech of utilizing its software code.

27.

After filing suit, MaddenCo has used the lawsuit as a tactic to harm HG AutoTech's business reputation and dissuade potential clients by discussing its unsupported allegations.

28.

MaddenCo's discussions of its unsupported lawsuit has resulted in potential clients cancelling their services from HG AutoTech.

## COUNT I – WRONGFUL COPYRIGHT CLAIM; ATTORNEYS' FEES AND COSTS

29.

MaddenCo's copyright allegations lack merit and are wrongfully being levied as anti-competitive measures.

30.

MaddenCo's lawsuit is frivolous, improperly motivated, and objectively unreasonable.

31.

Pursuant to 17 U.S.C. § 505, HG AutoTech is entitled to its full costs and attorneys' fees for defending against MaddenCo's unsupported claim.

5405032.v3

## COUNT II – UNFAIR TRADE PRACTICES

32.

As set forth above, MaddenCo violated the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, because the fabrication of the copyright infringement was a deceptive act designed to be used as an anti-competitive tool against HG AutoTech.

33.

MaddenCo filed its lawsuit with the knowledge that there was no evidence that its source code had been taken to support its allegation of infringement.

34.

MaddenCo actively conspired with other businesses to harm HG AutoTech and prevent it from successfully working with customers.

35.

HG AutoTech has been damaged by MaddenCo's unfair trade practices.

36.

MaddenCo is liable to Defendants for lost profits and damages, treble damages, and costs including attorney's fees.

## COUNT III – BREACH OF CONTRACT

37.

In August 2023, MaddenCo, and Counter-Plaintiffs, HG AutoTech, Mr. Darby, and Mr. Reed (collectively, the "**Parties**") engaged Quandary Peak Research ("**Quandary**") to conduct a neutral review of MaddenCo and HG AutoTech's Source code to determine if copyright infringement was present.

5405032.v3

38.

The Parties agreed to equally share the initial $30,000 retainer for Quandary, and fees in excess of the retainer amount.

39.

The Parties also agreed that if the review determined that HG AutoTech system does not infringe on or misappropriate the MaddenCo system, MaddenCo shall pay the cost of the Review.

40.

Under these terms, the parties provided their source code to Quandary for a neutral review.

41.

By the end of February 2024, this retainer had been fully exhausted, and both parties continued to share additional costs through the delivery of the final report on March 22, 2024.

42.

The final report noted that both parties' software include source code automatically generated using the same auto-generation tool (GeneXus). Both parties' software contained some identical content, but that content was authored by the auto-generation tool (not the parties) or constituted source code expression that is mandated or customary in the computer science industry. In other words, the overlap between the two is a function of an auto-generation tool or mandated by the industry, but is not an overlap in protectable, human-designed source code. Doc. 93.

43.

The only other similarities found were in naming conventions, which is to be expected in two inventory management systems in the same industry.

44.

In other words, there was no evidence of copyright infringement.

5405032.v3

45.

As a result, MaddenCo is obligated to reimburse Counter-Plaintiffs for the amounts they spent to have the neutral review conducted.

46.

Following issuance of the final report, MaddenCo asserted that an error had occurred during its transfer of source code to Quandary, resulting in a significant portion of source code being omitted from the original analysis.

47.

Quandary subsequently offered two options to the Parties to address MaddenCo's supplemental source code production: (1) a truncated approach, which would have been a quicker and less expensive method of incorporating the new materials, or (2) a full comparison of all the new materials produced by MaddenCo, resulting in an entirely new, full analysis and report. HG AutoTech expressed a preference for the quicker and less expensive truncated approach, but declined to fund any corrective work to address this issue, which was caused by MaddenCo. MaddenCo elected to proceed with the more costly option – commissioning an entirely new, full analysis and report.

48.

On May 24, 2024, during a teleconference with Quandary and HG AutoTech, MaddenCo expressly agreed to bear the complete cost of this additional work. This understanding was subsequently memorialized in an email from Tom Ashley, Senior Software Consultant, to counsel for both Parties on October 1, 2024, summarizing the May 24, 2024, call.

49.

On August 23, 2024, MaddenCo's counsel again confirmed that MaddenCo would assume

5405032.v3

full responsibility for the additional work it had requested.

50.

Thereafter, MaddenCo failed to pay for Quandary's continued services or to provide its full source code to complete the neutral review agreed to by the Parties.

51.

MaddenCo's failure to complete the review is another breach of its agreement with Counter-Plaintiffs.

52.

MaddenCo's breach of its agreement with Counter-Plaintiffs was not in good faith.

53.

It is clear that the exercise of establishing the merits of MaddenCo's claim was thwarted by MaddenCo to drag out this proceeding so that MaddenCo can continue to tout its unsubstantiated lawsuit against HG AutoTech as an anti-competitive weapon.

54.

MaddenCo is liable to HG AutoTech for all damages resulting from its breach.

## COUNT IV – DEFAMATION

55.

To bolster its unsupported allegation, MaddenCo made entirely unsupported false, slanderous and defamatory statements regarding HG AutoTech, Dru Darby, and James Reed.

56.

MaddenCo published those allegations in its lawsuit, and bragged about its lawsuit to HG AutoTech's clients and potential clients with knowledge of the falsity of the statements.

5405032.v3

57.

MaddenCo's statements have damaged HG AutoTech, Dru Darby, and James Reed's reputation.

58.

MaddenCo is liable to Defendants for all damages caused by its defamatory statements.

## COUNT V – ABUSE OF PROCESS

59.

MaddenCo abused the civil litigation process by using it for their ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Counter-Plaintiffs' professional reputation, and damage to Counter-Plaintiffs' community reputation and as retaliation for Reed and Darby leaving their employment with MaddenCo and working for a competitor.

60.

Such use of the process was not legitimate, regular, or legal.

61.

As a corroborating act, MaddenCo repeated the false allegations against Counter-Plaintiffs to HG AutoTech's clients and potential clients.

62.

The allegations and misuse of the civil litigation process was improper since MaddenCo knew, or should have known, that the allegations regarding theft of its source code were false.

63.

As a direct result of MaddenCo's abuse of the civil litigation process, Counter-Plaintiffs' professional reputation and status has been damaged and Mr. Reed and Mr. Darby have suffered mental anguish.

5405032.v3

62.

MaddenCo is liable to HG AutoTech for all damages resulting from MaddenCo's abuse of the civil litigation process.

### JURY DEMAND

Counter-Plaintiffs hereby demand a trial by jury on all things so triable.

**WHEREFORE**, Counter-Plaintiffs, Mr. Darby, Mr. Reed, and HG AutoTech, pray that, after the trial of this matter, judgment be entered in their favor and against MaddenCo, Inc., as follows:

a. Sums due to Defendants for MaddenCo's breach of contract;

b. An award of all damages to be proven at trial;

c. An award of treble damages;

d. Costs and attorneys' fees pursuant to applicable law;

e. Pre-judgment and post-judgment legal interest; and

f. Any and all other legal and equitable relief to which Counter-Plaintiffs may be entitled.

Respectfully submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**
23rd Floor, One American Place
Post Office Box 3197
Baton Rouge, LA   70821-3197
Telephone (225) 387-4000
Telecopier (225) 381-8029

*/s/ Danielle L. Borel*
Danielle L. Borel (La. Bar #35669)
Danielle.Borel@bswllp.com
Lawson Nguyen (La. Bar #40469)
Lawson.Nguyen@bswllp.com

*Counsel for HG AutoTech, L.L.C.*

Page **18** of **18**

5405032.v3